

AUG 16 2024

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

SOUTHERN District of IOWA

CENTRAL Division

| | |
|---|---|
| TOMIKA HINDSON "Pro Se" <br> *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br> -v- <br><br> MEDICAL DEBT RESOLUTION, INC aka UNDUE TRANSUNION, LLC <br> *Defendant(s)* <br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No. _____ <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)*  ☒ Yes  ☐ No |

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | TOMIKA HINDSON |
| Street Address | PO BOX 3754 |
| City and County | URBANDALE, POLK |
| State and Zip Code | IOWA, 50323 |
| Telephone Number | |
| E-mail Address | HINDSON.TOMIKA74@YAHOO.COM |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | MEDICAL DEBT RESOLUTION, INC-aka UNDUE |
| Job or Title *(if known)* | REGISTERED AGENTS INC (AGENT) |
| Street Address | 2501 CHATHAM ROAD SUITE R |
| City and County | SPRINGFIELD, SANGAMON |
| State and Zip Code | ILLINOIS, 62704 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | TRANSUNION, LLC |
| Job or Title *(if known)* | CORPORATION SERVICE COMPANY (AGENT) |
| Street Address | 505 5TH AVENUE SUITE 729 |
| City and County | DES MOINES, POLK |
| State and Zip Code | IOWA, 50309 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | TRANSUNION, LLC |
| Job or Title *(if known)* | |
| Street Address | 555 WEST ADAMS STREET |
| City and County | CHICAGO, COOK COUNTY |
| State and Zip Code | ILLINOIS, 60661 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

E-mail Address *(if known)* _____

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question  ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

_____

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

        The defendant, *(name)* _____, is a citizen of
        the State of *(name)* _____. Or is a citizen of
        *(foreign nation)* _____.

   b.    If the defendant is a corporation
        The defendant, *(name)* _____, is incorporated under
        the laws of the State of *(name)* _____, and has its
        principal place of business in the State of *(name)* _____.
        Or is incorporated under the laws of *(foreign nation)* _____,
        and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA


TOMIKA HINDSON
    Plaintiff,


Vs.
CASE# TBD


TRANSUNIONS, LLC
MEDICAL DEBT RESOLUTION, INC
    Defendant,


COMPLAINT AND DEMAND FOR JURY TRIAL FOR THE FOLLOWING CAUSE OF ACTION(S)
U.S.C. § 1681p, § 1681b(f), § 1681q and Intrusion Upon Seclusion Iowa Common Law


JURISDICTION AND VENUE


1.     This Court has Federal Jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1681p and 28 U.S.C. 1331.

2.     15 U.S.C. § 1681p grants any consumer who suffers damages as a result of negligent or willful violations the rights to maintain an action in the United States District Court or any other Court of competent jurisdiction.

3.     28 U.S.C. § 1331 provides this Court has original jurisdiction over civil actions arising under the laws of the United States.

4.     This Court has personal jurisdiction over Defendant(s) as they conduct business within the State of Iowa.

5.     Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b) as the unlawful conduct alleged and injury occurred in this district, where the Plaintiff resides, and the Defendant(s) regularly conduct business.

PARTIES

6.     Plaintiff, Tomika Hindson is a natural person who resides in Urbandale, Iowa of Polk County.

7.     Defendant Medical Debt Resolution, Inc herein known as ("MDR") according to Open Corporates is a Foreign Corporation and has a Registered Address of 2807 Jackson Avenue 5th Floor of Long Island City, New York 11101. Their Registered Agent is listed as REGISTERED AGENTS INC and the Agent address is 2501 Chatham Road Suite R of Springfield, Illinois 62704.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

8. Defendant TransUnion, LLC hereinafter known as ("TransUnion") is a Limited Liability Company with a principal business address of 555 West Adams Street of Chicago, Illinois 60661. According to Open Corporates their Reserving Party Agent is Corporation Service Company and the Reserving Party address is 505 5th Avenue Suite 729 of Des Moines, Iowa 50309.

9. ("TransUnion") at all times relevant herein conducted business in the State of Iowa and is known as a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(g) as they regularly engages in the practice, evaluating consumer credit information and or other information on consumers for the purpose of furnishing consumer reports to third parties.

FACTUAL ALLEGATIONS

10. Plaintiff is an individual consumer who maintains a personal credit profile with the Consumer Reporting Agency TransUnion.

11. On or around July 4, 2024, Plaintiff obtained a full copy of her TransUnion Consumer Report to monitor the credit file for any inaccuracies.

12. Upon reviewing her TransUnion Consumer Report, Plaintiff discovered that Defendant ("MDR") had accessed her credit file on or around June 1, 2024.

13. Plaintiff has never sought credit or any other transactions with the Defendant ("MDR") that would constitute a permissible purpose under the FCRA for Defendant to access her consumer report.

14. At no time has Plaintiff provided the Defendant ("MDR") with authorization to access her consumer report.

15. Defendant ("MDR") accessed the Plaintiff's consumer report without authorization and without having a permissible purpose under the FCRA to do so, in violation of 215 U.S.C. § 1681b(f).

16. Defendant ("MDR") intentionally intruded upon Plaintiff's solitude, seclusion, or private affairs by accessing her confidential consumer report without permission.

17. Defendant's unauthorized access would be highly offensive to a reasonable person in that it unlawfully disclosed private facts about the Plaintiff without her expressed consent.

18. Plaintiff maintains a consumer credit file with Defendant ("TransUnion"), a Consumer Reporting Agency as defined by 15 U.S.C. § 1681a(g).

19. On or around June 1, 2024, Defendant ("TransUnion") furnished the Plaintiff's full Consumer Report to Defendant ("MDR").

20. Defendant ("TransUnion") failed to establish or follow reasonable procedures to assure maximum possible accuracy of the Plaintiff's Consumer Report and to limit the furnishing of reports only for authorized purposes, in willful violation of 15 U.S.C. § 1681e.

21. Defendant ("TransUnion") obtained and published Plaintiff's Consumer Report information for an impermissible purpose, in willful violation of 15 U.S.C. § 1681q.

22. On July 13, 2024, Plaintiff filed a Complaint with the Consumer Financial Protection Bureau (CFPB) against the Defendants TransUnion, LLC and Medical Debt Resolution, Inc. The Complaint numbers were

240713-15176998 and 240713-15176960, respectively.

23.     On July 18, 2024, Defendant TransUnion provided a generic response to the CFPB Complaint, stating that "account review inquiry" is made in connection with an account review or other business transaction. TransUnion asserted that such inquiries are not visible to others and do not impact the credit score.

24.     On August 7, 2024, Defendant Medical Debt Resolution, Inc., operating as Undue, responded to the CFPB Complaint. Undue claimed that a "soft Inquiry" was conducted to determine eligibility for medical debt relief, despite there being no direct relationship or transaction with the Plaintiff. Undue requested the Plaintiff to reconsider litigation to avoid diverting resources from debt relief efforts.

25.     On or around August 5, 2024, Plaintiff had reached out to Allison Sesso, CEO of Medical Debt Resolution, via email, due to the lack of response to the CFPB Complaint. Plaintiff then finally received a response from "Michael Derbes" reiterating the same response/information provided to the CFPB.

26.     Plaintiff's TransUnion Consumer Report, dated July 4, 2024, indicates that an inquiry by Medical Debt Resolution, Inc. took place on June 1, 2024. This inquiry listed as an "Account Review Inquiry", despite Plaintiff having no account or transactional relationship with the company.

27.     At all relevant times, Plaintiff was solely covered under The State of Iowa Medicaid Insurance. Consequently, there was no need for any services from Medical Debt Resolution, Inc., as Plaintiff had no outstanding medical debts that would require resolution or relief through their services.

CAUSE OF ACTION

COUNT I: VIOLATION OF THE FCRA – 15 U.S.C. § 1681b(f)
(MEDICAL DEBT RESOLUTION, INC)


28.     Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

29.     Defendant ("MDR") willfully and negligently violated 15 U.S.C. § 1681b(f) by accessing Plaintiff's Consumer Report from ("TransUnion") without a permissible purpose.

30.     As a result of Defendant ("MDR") violation, Plaintiff suffered actual damages including distress, inconvenience and injury to privacy interests under the FCRA.

31.     Plaintiff filed a Complaint with the CFPB on July 13, 2024, challenging MDR's unauthorized access. MDR's response on August 7, 2024, claimed the inquiry was a "soft inquiry" for debt relief purposes, which is not a permissible purpose under the FCRA. This is further underscored by the fact that Plaintiff was solely covered under The State of Iowa Medicaid Insurance, eliminating any need for debt relief services from MDR.


COUNT II: INTRUSION UPON SECLUSION
(MEDICAL DEBT RESOLUTION, INC)

32.     Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

33.     Defendant ("MDR") intentionally intruded upon Plaintiff's solitude, seclusion or private affairs by accessing her confidential Consumer Report without authorization or consent.

34.     Defendant ("MDR") access would be highly offensive to reasonable person in that it unlawfully

disclosed private facts about Plaintiff without permission.

COUNT III: VIOLATION OF THE FCRA – 15 U.S.C. § 1681e(a) & 15 U.S.C. § 1681q
(TRANSUNION, LLC)

35.     Plaintiff incorporates the foregoing paragraphs, including the newly added factual allegations, as though fully stated herein.

36.     On July 18, 2024, TransUnion responded to the CFPB Complaint number 240713-15176998 with a generic explanation of "Account Review Inquiries", failing to address the specific unauthorized inquiry by Medical Debt Resolution, Inc that occurred on June 1, 2024.

37.     Under 15 U.S.C. § 1681e(a), TransUnion had a duty to maintain reasonable procedures to limit furnishing consumer reports only for permitted purposes under the FCRA.

38.     TransUnion negligently failed to comply with and to establish or follow reasonable procedures to ensure maximum possible accuracy of the Plaintiff's Consumer Report and to limit the furnishing of reports only for authorized purposes, in violation of 15 U.S.C. § 1681e(a) by furnishing the Plaintiff's full Consumer Report to Defendant ("MDR") without taking reasonable steps to verify ("MDR") purported purpose was for a permissible use under the FCRA.

39.     Despite no indication that Medical Debt Resolution, Inc., had consent, an existing customer relationship, or any other statutory basis to access the Plaintiff's report, ("TransUnion") negligently disseminated and furnished the file without verifying if the purpose was for credit, insurance, employment or another permitted transaction under the FCRA.

40.     TransUnion negligently furnished Plaintiff's Consumer Report to Medical Debt Resolution, Inc., without adequately verifying the necessity or permissible purpose of such access under the FCRA. Given that Plaintiff was covered under The State of Iowa Medicaid Insurance and had no need for debt relief services, this access was unwarranted and unauthorized.

41.     As a direct result of ("TransUnion's") above-described negligence, Plaintiff suffered actual damages including emotional distress and risk of identity theft.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant(s) Medical Debt Resolution, Inc and TransUnion, LLC., jointly and severally, as follows:

1.     Declaring that Defendant(s) violated 15 U.S.C. §§ 1681b(f), 1681e(a), and 1681q with regard to Plaintiff;

2.     Awarding actual damages in an amount to be determined at trial for emotional distress and economic loss pursuant to 15 U.S.C. §§ 1681n-o against each Defendant;

3.     Awarding punitive damages in an amount to be determined at trial against Medical Debt Resolution, Inc for its willful violations pursuant to 15 U.S.C. § 1681n;
4.     Awarding punitive damages in an amount to be determined at trial against TransUnion, LLC for its willful violations pursuant to 15 U.S.C. § 1681n;

5.     Awarding costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n-o;

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

6. An injunction directing that Defendant(s) expunge and destroy any record or information obtained and accessed about the Plaintiff in violation of the FCRA; and

7. Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,
Tomika Hindson

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant(s) Medical Debt Resolution, Inc and TransUnion, LLC., jointly and severally, as follows:

1. Declaring that Defendant(s) violated 15 U.S.C. §§ 1681b(f), 1681e(a), and 1681q with regard to Plaintiff;

2. Awarding actual damages in an amount to be determined at trial for emotional distress and economic loss pursuant to 15 U.S.C. §§ 1681n-o against each Defendant;

3. Awarding punitive damages in an amount to be determined at trial against Medical Debt Resolution, Inc for its willful violations pursuant to 15 U.S.C. § 1681n;

4. Awarding punitive damages in an amount to be determined at trial against TransUnion, LLC for its willful violations pursuant to 15 U.S.C. § 1681n;

5. Awarding costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n-o;

6. An injunction directing that Defendant(s) expunge and destroy any record or information obtained and accessed about the Plaintiff in violation of the FCRA; and

7. Such other and further relief as the Court may deem just and proper.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   08/14/2024

Signature of Plaintiff   *[signature]*
Printed Name of Plaintiff   TOMIKA HINDSON

### B. For Attorneys

Date of signing: _____

Signature of Attorney   _____
Printed Name of Attorney   _____
Bar Number   _____
Name of Law Firm   _____
Street Address   _____
State and Zip Code   _____
Telephone Number   _____
E-mail Address   _____

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TOMIKA HINDSON, Pro Se

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff: **POLK**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
TOMIKA HINDSON, PO BOX 3754, URBANDALE, IOWA 50323

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | | [X] 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| | | | | 863 DIWC/DIWW (405(g)) | |
| | | | | 864 SSID Title XVI | 890 Other Statutory Actions |
| | | | | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
F.R.C.P: VIOLATION of 15 U.S.C. § 1681p, § 1681b(f), § 1681q and Intrusion Upon Seclusion Iowa Common Law

Brief description of cause:
Alleges Improperly Accessing & Using Plaintiff's Consumer Report without authorization, Infringing upon Privacy Rights and Causing Harm

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

**DATE:** AUGUST 13, 2024

**SIGNATURE OF ATTORNEY OF RECORD:** *(signed)* TS Hindson

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Iowa

| | |
|---|---|
| TOMIKA HINDSON <br><br> *Plaintiff(s)* <br> v. <br><br> MEDICAL DEBT RESOLUTION, INC <br> TRANSUNION, LLC <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* MEDICAL DEBT RESOLUTION, LLC aka UNDUE MEDICAL DEBT
REGISTERED AGENTS INC
2501 CHATHAM ROAD "SUITE R"
SPRINGFIELD, ILLINOIS 62704

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
TOMIKA HINDSON
PO BOX 3754
URBANDALE, IOWA 50323

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ___08/14/2024___                                    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Iowa

| | ) |
|---|---|
| TOMIKA HINDSON | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| | ) |
| MEDICAL DEBT RESOLUTION, INC<br>TRANSUNION, LLC | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* TRANSUNION, LLC
CORPORATION SERVICE COMPANY (AGENT)
505 5TH AVENUE SUITE 729 - DES MOINES, IOWA 50309

HOME ADDRESS:
TRANSUNION, LLC - 555 WEST ADAMS STREET - -CHICAGO, ILLINOIS 60661

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   TOMIKA HINDSON
PO BOX 3754
URBANDALE, IOWA 50323

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   08/14/2024

*Signature of Clerk or Deputy Clerk*